# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## NORTHERN DIVISION

| | |
|---|---|
| MANUEL ALONSO MEDEL,<br><br>                  Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                  Respondent. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 1:11CV135DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, filed August 22, 2011. The court asked the government to respond to the motion. The government filed its response on October 7, 2011.

## BACKGROUND

On May 5, 2010, petitioner Manuel Alonso Medel ("Medel"), was indicted for conspiracy to possess with intent to distribute 500 grams or more of methamphetamine (Count 1), and possession with intent to distribute 500 grams or more of methamphetamine (Count 3).

The charges stem from an investigation by the Weber/Morgan narcotics Strike Force in March, 2010, which led to a Confidential Informant making arrangements to purchase two pounds of methamphetamine. Officers identified petitioner as one of the sources of the methamphetamine through controlled purchases. On April 3, 2010, petitioner was seen removing a shoe box from his home, and traveling to his co-defendant's home. Petitioner and his

co-defendant then left in separate vehicles, which were stopped by agents. A search of petitioner's vehicle revealed the shoe box he was seen carrying earlier. It contained two pounds of methamphetamine. A separate zip-loc bag found in the car contained another 229 grams of methamphetamine.

On July 13, 2010, petitioner entered a plea of guilty to Count 3 and signed a Statement by Defendant in Advance of Plea of Guilty. As part of the plea agreement, petitioner also stipulated to the following facts:

> On April 3, 2010, the vehicle I was driving was stopped by the Ogden City Police as the result of a drug investigation. The vehicle was searched and a mixture containing methamphetamine was found behind the dashboard. I acknowledge that I knew the methamphetamine was in the car, and it was my intention to deliver it. I also acknowledge that the quantity of methamphetamine exceeded 500 grams of a mixture or substance containing methamphetamine.

Petitioner was advised that the maximum penalty for possession with intent to distribute 500 grams or more of methamphetamine was a mandatory minimum 10 years up to life in prison. Petitioner agreed in his plea agreement that he was satisfied with his attorney.

In exchange for petitioner's plea of guilty, the United States agreed to the following:

(1) To move the court to dismiss count 1 of the indictment at the time of sentencing; and

(2) To recommend that the defendant's offense level under the U.S. Sentencing Guidelines be decreased by two levels for acceptance of responsibility pursuant to Sentencing Guideline § 3E1.1(a) if, in the opinion of the United States, the defendant clearly demonstrated acceptance of responsibility for his offense, up to and including at the time of sentencing, as set

forth in § 3E1.1 of the Sentencing Guidelines; and

(3) To recommend that the defendant's offense level under the U.S. Sentencing Guidelines be decreased by a third level for acceptance of responsibility pursuant to Sentencing Guideline § 3E1.1(b); and

(4) To recommend at sentencing that the defendant be sentenced at the low-end of the range in the U.S. Sentencing Guidelines. The United States' agreement was based on the present facts and circumstances, and if the facts had changed, the United States would not be bound by the provision.

(5) If he qualified, the government agreed not to object to the appropriate reduction of sentence under 18 U.S.C. § 3553(f) and § 5C1.2, U.S.S.G. (Safety Valve Provision). He understood he had an obligation to make himself available for debriefing by an agent of the government, and that he must be honest and complete in the information he provided to that agent.

Prior to sentencing, a probation officer prepared a presentence report. As to the quantity of narcotics discovered in the petitioner's vehicle, the presentence report found that the quantity of "actual" methamphetamine was 989.2 grams. In calculating Petitioner' offense level, the Probation Officer found the base offense level was 36 because the offense involved more than 500 grams but less than 1.5 kilograms of actual methamphetamine (USSG § 2D1.1). The probation officer further found petitioner was entitled to a three-point reduction for acceptance of responsibility resulting in a base offense level of 33. The probation officer added 2 levels to the base offense level due to the discovery of a firearm in co-defendant's home, and reduced the

base offense level by 2 levels to reflect defendant's minor role in the offense. Based on a total offense level of 33 and a criminal history category of I, the guideline range was 97-121 months. The presentence report stated the mandatory minimum penalty for possession with intent to distribute in excess of 500 grams of methamphetamine was 10 years in prison.

On October 22, 2010, the court held petitioner's sentencing hearing. At the sentencing hearing, the United States did not object to defendant's proposed finding that the firearm should not be considered in calculating defendant's guideline. This finding not only reduced defendant's guideline calculation by two levels, it also allowed the court to determine that defendant qualified under the safety valve provision in 18 U.S.C.§ 3553(f) to a sentence below the otherwise applicable 10 year mandatory minimum sentence. The Court then sentenced defendant to 78 months imprisonment, 42 months lower than the 10-year mandatory minimum which would otherwise have been applicable.

As part of his plea, defendant agreed to waive his right to appeal his conviction and sentence, including his right to pursue "any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255." Notwithstanding his agreement, defendant filed a pro se notice of appeal on July 5, 2011. However, the Tenth Circuit Court of Appeals rejected the appeal, as it was not timely filed. Petitioner filed this action on August 22, 2011.

## DISCUSSION

Petitioner couches his motion as a claim for ineffective assistance of counsel. "Section 2255 motions are not available to test the legality of a matter which should have been raised on

direct appeal." *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995). If an issue is not raised on direct appeal, the defendant "is barred from raising the issue in a § 2255 proceeding, unless he establishes either cause excusing the procedural default and prejudice resulting from the error or a fundamental miscarriage of justice if the claim is not considered." *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996).

A defendant may establish cause for the procedural default by showing that he received ineffective assistance of counsel. *Cook*, 45 F.3d at 392. In order to prevail on an ineffective assistance of counsel claim, Petitioner must "'establish both that his attorney's representation was deficient and that he was prejudiced by that deficiency.'" *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2000) (citation omitted). "An ineffective assistance claim may be resolved on either performance or prejudice grounds alone." *Id.* Counsel's performance is deficient if the representation "falls below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Prejudice is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

When reviewing claims of ineffective assistance of counsel, there is "'a strong presumption that counsel provided effective assistance, and a section 2255 defendant has the burden of proof to overcome that presumption.'" *Kennedy*, 225 F.3d at 1197 (quoting *United States v. Williams*, 948 F. Supp. 956, 960 (D. Kan. 1996)).

1. Alleged Failure to Conduct Thorough Investigation

Petitioner claims that his counsel's failure to conduct a thorough investigation into the facts of this case, to interrogate witnesses, would have either exonerated, or revealed a factual

5

basis for a minimal participation in the offense. Furthermore, Petitioner alleges that his counsel failed to prepare and submit a motion to suppress unlawfully seized evidence

The facts in the presentence report establish that petitioner's guilt was clear. He was seen in possession of a shoe box which immediately thereafter was searched and found to contain two pounds of methamphetamine. The methamphetamine was discovered after a lawful traffic stop, based upon probable cause, and the resulting search was proper under the *Carroll* Doctrine. *Carroll v. United States,* 267 U.S. 132 (1925). As competent counsel readily determined, any motion to suppress in this matter would have been fruitless, and may well have jeopardized petitioner's efforts to obtain the government's concessions in the plea agreement regarding acceptance of responsibility and role in the offense.

Moreover, petitioner's claim that investigation would have revealed a reduced role in the offense has not merit in light of the fact that petitioner was given a two-level reduction in the guideline calculation to recognize his minor role in the offense.

2. Alleged Failure of Defense Counsel to Meet Professional Norms of Due Process

Petitioner's second claim argues that his counsel's performance deprived him of his Sixth Amendment right to effective assistance of counsel. Specifically, petitioner asserts that counsel's "acts or omissions [were] outside the wide range of professional norms when [s]he failed to file a notice of appeal at Petitioner's request, move the court for a speedy trial and file for [*Brady*] material. Further, the illegal, unethical or dishonest conduct to induce Petitioner into a plea agreement making him believe that he would receive a lower sentence. Finally, to effectively represent Petitioner at sentenc[ing] by failing to submit 3553(a) factors that would have justified

a sentencing downward departures [sic] under the argument of insufficiency of evidence."

This claim clearly demonstrates that petitioner's motion has been prepared by someone unfamiliar with petitioner's case. The motion refers to petitioner's counsel as a "he" when, in fact, he was represented by two women. Counsel did, in fact, present § 3353 factors to justify a reduced sentence, which the court ordered. Because of application of the safety valve, Petitioner received a significant downward departure from a 10-year minimum mandatory sentence to a sentence of 78 months. In addition, counsel did not file a notice of appeal because petitioner waived his right to appeal. Counsel did not need to "move the court for a speedy trial" because no such motion was ever necessary. Furthermore, no motion for *Brady* material was required because the government provided counsel with complete discovery. Petitioner received a substantially lower sentence by entering into the plea agreement in this case. There was no evidence at the change of plea hearing that petitioner was not acting of his own free will in entering the plea agreement.

3. Alleged Error in Failing to Advise Petitioner of Rule 11 Rights

This claim is not couched as an ineffective assistance of counsel claim because it is directed at an alleged error by the court. In his plea agreement, petitioner waived all appeals and challenges other than any related to ineffective assistance of counsel. The Tenth Circuit has held such waivers valid and enforceable with regard to collateral attacks. *United States v. Elliott*, 264 F.3d 1171 (10th Cir. 2001); *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001) ("[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were

7

knowingly and voluntarily made.").

Notwithstanding petitioner's waiver, the claim has no merit. The record is clear that petitioner was adequately advised of his Fifth and Sixth Amendment rights, and Rule 11 was satisfied. The Statement in Advance of Plea, even without any verbal record, sufficiently satisfies all of the issues petitioner claims, including waiver of his appeal rights, informing him of the full range of punishment, and assuring that there was a factual basis for the plea. The court also advised petitioner of his rights to appeal at his change of plea hearing and his sentencing.

4. Alleged Denial of Role Adjustment

This claim is again brought as an error by the court rather than by counsel. The claim, however, has no basis in the facts of this case. The court reduced Petitioner's sentence to reflect his minor role in the offense. Therefore, there is no basis for finding error on such grounds.

5. Alleged Defective Indictment

Petitioner further claims that his Indictment was defective under the Federal Rules of Criminal Procedure and the Due Process Clause of the Fifth and Sixth Amendments. This claim also fails to assert ineffective assistance of counsel. The claim challenges the sufficiency of the indictment, claiming it is defective and insufficient because it fails to state an offense and the court lacks jurisdiction to impose a sentence for a charge that is not in the indictment.

The claim is without merit. Count 3 of the Indiction, the count to which petitioner pleaded guilty, read as follows: " On or about April 3, 2010, in the Northern Division of the District of Utah, MANUEL ALONSO MEDEL, the named defendant herein, did knowingly and intentionally possess with intent to distribute 500 grams or more of a mixture or substance

8

containing Methamphetamine, a Schedule II controlled substance, within the meaning of 21 U.S.C. § 812; and did aid and abet therein, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C.§ 2, and punishable pursuant to 21 U.S.C. §841(b)(1)(A)."

The Indictment accurately stated the statute charged (21 U.S.C. § 841(a)(1) and 18 U.S.C.§ 2)), the nature of the offense (did knowingly and intentionally possess with intent to distribute), the type and amount of drug involved (500 grams or more of a mixture or substance containing Methamphetamine), and put the defendant on notice as to the applicable penalty provisions (and punishable pursuant to 21 U.S.C. §841(b)(1)(A)). All of the elements which petitioner claims are lacking are, therefore, present.

6. Alleged Unconstitutional Custody Resulting from Alien Status

Petitioner's claim that he has received a disparate sentence because he is not eligible for minimum security confinement, drug programs, and prerelease custody as an alien does not assert ineffective assistance of counsel. Because the claim has no bearing on defendant's claim of ineffective assistance of counsel, it has been expressly waived by him in his plea agreement.

The claim focuses on the conditions of his confinement and on the manner in which the United States Bureau of Prisons calculates his sentence and considers his eligibility for BOP programs. This court has no authority to dictate to the Bureau of Prisons the manner in which they carry out the ministerial functions of complying with petitioner's sentence.

Petitioner cites no authority for the proposition that the court, in determining a defendant's sentence, should consider the manner in which the defendant may be confined as a result of his alien status. In *United States v. Acevedo*, 2000 WL 764563, *2 (D. Kan. 2000), the

court found that the Bureau of Prison's policies concerning aliens who are subject to deportation upon release is rationally related to a legitimate concern about safety. Because there is no case law requiring a court to grant a reduction based on treatment petitioner may receive based on his status, the court did not err in not considering it. Additionally, petitioner's counsel was not deficient in failing to raise the issue with the court.

The court concludes that petitioner has failed to demonstrate that his counsel was deficient or that he was prejudiced by counsel's conduct at any stage of the proceedings. Moreover, petitioner's arguments that are unrelated to his ineffective assistance of counsel claim are waived by his plea agreement and without merit. Accordingly, the court finds no basis for vacating, setting aside, or correcting petitioner's sentence.

## CONCLUSION

For the foregoing reasons, Petitioner's Motion pursuant to 28 U.S.C. § 2255 is DENIED and this case is DISMISSED.

DATED this 19th day of October, 2011.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge